# United States District Court
### EASTERN DISTRICT OF WISCONSIN

---

MARGARET BACH,
AARON BACH,

        Plaintiffs,

    v.                                      Case No. 11-C-828

MILWAUKEE COUNTY,
ARC,
DR. MICHELE ANDRADE,
DR. JUSTINE KUEHL,
ELIZABETH RUTHMANSDORFER,

        Defendants.

---

### COURT MINUTES
### HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

---

| | |
|---|---|
| Date: | October 19, 2011 |
| Proceeding: | Motions Hearing |
| FTR Start Time: | 9:31:45 a.m.     FTR End Time: 10:40:56 a.m. |
| Court Reporter: | Sheryl Stawski     Deputy Clerk: Kris Wilson |
| Appearances: | Margaret Bach, pro se |
| | Attorney Krista Buchholz for Milwaukee County, Drs. Andrade and Kuehl |
| | Attorneys Maureen McGinnity and William Hughes for ARC
Attorney Sarah Fry Bruch for Easter Seals |
| Disposition: | Margaret and Aaron Bach's Urgency Plea for Their Petition for a Temporary Restraining Order and Temporary Injunction and Motion to Amend the Complaint is granted in part to the extent that plaintiffs request a hearing on the TRO. (Doc. 8.) All other requests are denied. |
| | Margaret and Aaron Bach's Second Urgent Plea on Their Petition for a Temporary Restraining Order and Temporary Injunction and a Second Motion to Amend the Complaint is granted to the extent that plaintiffs |

requested a hearing to consider a TRO. (Doc. 9.) All other requests are denied.

Aaron and Margaret Bach's Motion for Temporary Restraining Order and Temporary Injunction is denied. (Doc. 2.) Plaintiff has failed to state a claim upon which relief may be granted and there is no likelihood of success on the merits. The plaintiff has not set forth a basis for proceeding under the U.S. Constitution with respect to any of the defendants. Plaintiff has not presented anything to support a § 1983 claim.

Plaintiffs' Third Motion for Temporary Restraining Order/Injunction and Motion to Amend/Correct Complaint is denied. (Doc. 26.)

Milwaukee County's Motion to Dismiss for Lack of Jurisdiction is granted. (Doc. 10.)

Michele Andrade and Justin Kuehl's Motion to Dismiss for Lack of Jurisdiction is granted. (Doc. 16.)

Elizabeth Ruthmansdorfer's Motion to Dismiss for Lack of Jurisdiction is granted. (Doc. 19.)

ARC's Motions to Dismiss are granted. (Doc. 23, 34.)

Easter Seals's Motions to Dismiss are granted. (Doc. 30, 40.)

Alternatively, the court abstains from considering plaintiffs' claims for the reasons stated on the record.

Notes: During the course of the hearing and based on the documents in the record, it was established that Aaron Bach, Margaret Bach's adult son, has been adjudicated incompetent and functions at a second grade level. Margaret Bach's guardianship rights were revoked.

The amended complaint filed on September 13, 2011, governs. In the amended complaint, Margaret Bach sued Milwaukee County, ARC, Elizabeth Ruthmansdorfer, Dr. Michele Andrade, and Dr. Justin Kuehl. Margaret Bach challenges various actions taken with respect to Aaron on July 27, 2011, after she called 911 because Aaron had become aggressive. Margaret Bach alleges that police officers transported Aaron under Chapter 51 of Wis. Stat. to the Milwaukee County Mental Health Complex but Aaron was not released for six days.

Margaret Bach did not have authority under Wisconsin law to file a complaint on behalf of Aaron Bach, as she is not his legal guardian and she

2

acknowledges that Easter Seals is not a named defendant in the amended complaint.

Margaret Bach now alleges a myriad of claims, including retaliation by the defendants for exercising her constitutional rights for filing this action, a Thirteenth Amendment violation, the "deprivation of rights," the denial of a peaceful and safe environment in her home, and a due process violation. Specifically, she believes that she has been forced into "slavery" by Milwaukee County because she had to provide care for Aaron Bach after Milwaukee County failed to provide proper care or placement for Aaron. According to Margaret Bach, her home is the best place to care for Aaron if Milwaukee County would provide the appropriate level of services. Aaron requires two caregivers 24 hours a day. Instead, Milwaukee County downgraded Aaron's level of care and Easter Seals reduced his care without proper notice.

The court turns to page 2, line 4 of the amended complaint which references ongoing litigation. Margaret Bach pointed out that any tort claim against ARC is new because it relates to ARC's actions after it was appointed guardian ad litem in May 2011. She acknowledged raising the same issues in the past with different parties and that she has made similar arguments against these parties.

Ultimately, her asserted basis for jurisdiction is this court's obligation to act in the best interests of Aaron Bach. According to Bach, the defendants acknowledged an unsafe environment in every Watts review (see State ex rel. Watts v. Combined Cmty. Servs. Bd., 122 Wis. 2d 65 (1985)), but did nothing to provide services. She contends that the law of equity gives the federal court the right to oversee what is occurring in the state courts.

(10:08) Attorney Buchholz noted that these issues have been heard in Milwaukee County Circuit Court. Margaret Bach has argued that Wis. Stat. Ch. 51s do not apply to Aaron Bach. In addition, Margaret Bach is appealing to the Wisconsin Supreme Court on that issue and others. Attorney Buchholz asserted that this court lacks subject matter jurisdiction on Ch. 51 issues.

ARC joined the arguments of Milwaukee County and added that Margaret Bach is trying to circumvent the circuit court's decision that she is not a suitable guardian. Margaret Bach resisted caregivers and instructed her son not to comply with placement outside of the home. Margaret Bach took her son to her parent's home which was not an approved placement. ARC submits that it took Aaron Bach away because his residence was deemed unsafe. Moreover, ARC is not a state actor and is protected by quasi judicial immunity. Finally, there is no diversity of citizenship as ARC is incorporated in Wisconsin.

3

Attorney Rice, for defendant Ruthmansdorfer, relied on the briefs submitted. However, with respect to jurisdictional issues he noted a multitude of state law issues have been addressed in other courts. Ruthmansdorfer has complied fully with her duties and obligations as guardian ad litem. He seeks dismissal as this action involves state issues.

Defendant physicians are employees of Milwaukee County and assert the same argument.

Finally, Easter Seals is not a named defendant in the amended complaint. Easter Seals stands on its submissions and adopted the arguments of the other defendants.

The court found that Bach failed to state in the amended complaint a basis for proceeding under the U.S. Constitution with regard to any of the defendants.

The court noted that Margaret Bach's claims of quiet enjoyment of her home and a safe work environment are not viable as against these defendants or under any claim over which this court has jurisdiction.
The police officers who removed Aaron Bach from his home were acting pursuant to a state court order. Moreover, Margaret Bach acknowledges ongoing proceedings in state court and has pleaded herself out of federal court. Aaron Bach, who has been adjudicated incompetent, cannot appear pro se. Margaret Bach, Aaron's mother and a non-lawyer, is without guardianship rights, and is not authorized to represent Aaron Bach.

It is apparent that Margaret Bach is trying to circumvent state court proceedings by bringing this action. This court abstains from entertaining the claims she has raised to date in the state court - many of which are still ongoing. With regard to any claim that was not brought in state court it appears that 1) she is not likely to succeed on the merits of such claims; 2) she has not named Easter Seals as a defendant; 3) she has not established diversity or established reasons for this court to hear tort or state law claims; and 4) she has not pled facts indicating that there has been any constitutional violation over which this court may assert jurisdiction.

The court need not address whether immunity cloaks the defendants with respect to their actions as guardians and physicians in the state court proceedings. There is no federal basis for this court to entertain Margaret Bach's requests.